# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JIMMY JOHNSON & NOAH JOHNSON** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:24-cv-02509** |
| | § | **(JURY)** |
| **STATE FARM COUNTY MUTUAL** | § | |
| **AUTOMOBILE INSURANCE COMPANY** | § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** files this Notice of Removal of the present action from the 164th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division on the basis of diversity of citizenship and amount in controversy as follows:

## I.
## INTRODUCTION

1.     The lawsuit arises from an automobile accident that occurred on April 4, 2023, in Harris County, Texas. Plaintiffs seek to recover uninsured/underinsured motorist benefits from State Farm.

This suit was filed on or about May 23, 2024, when Plaintiffs Jimmy Johnson and Noah Johnson, filed their Original Petition in Cause No. 2024-32839 in the 164th Judicial District Court of Harris County, Texas, styled *Jimmy Johnson and Noah Johnson v. State Farm County Mutual Automobile Insurance Company*.

2.     State Farm was served with Plaintiffs' Original Petition on June 4, 2024 and filed its Original Answer on June 24, 2024.

## II.
## GROUNDS FOR REMOVAL

**A.      Complete Diversity of Citizenship Exists Between the Parties, and the Amount in Controversy Exceeds $75,000.**

3.      Removal is proper because there is complete diversity of citizenship between the parties, and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

4.      Plaintiffs are residents and citizens of Texas.  State Farm was and is incorporated in, and a resident of, the State of Illinois.

5.      Plaintiffs seek to recover uninsured/underinsured motorist damages for the alleged denial and/or underpayment of the claim. (*See* Pl.'s Original Pet. at ¶4.6). In their Original Petition, Plaintiffs affirmatively plead that they seek monetary relief over $1,000,000.00. (*See id.* at ¶1.1) Plaintiffs seek damages for alleged past and future bodily injuries (including medical bills, pain and suffering, loss of earnings and earnings potential, disfigurement, impairment, mental anguish, physical impairment, loss of enjoyment, and consequential damages); contractual damages; extra-contractual damages; treble damages under the DTPA and Insurance Code; statutory interest; mental anguish damages; pre-judgment interest; attorneys' fees and exemplary damages. (*Id.* at ¶¶13.1-13.3.) Thus, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

**B.      Venue is Proper in This Division and in This District.**

6.      Plaintiff filed this action in Harris County, Texas.  The Houston Division of the Southern District of Texas encompasses Harris County, Texas.  *See id.* § 124(b)(2). Thus, this district and division embrace the place where the state court action is pending.  *See id*. § 1441(a).

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

7.      State Farm was served on June 4, 2024.  This Notice of Removal is being filed on July 5, 2024.  Accordingly, this Notice of Removal is timely filed within 30 days of when State

Farm received Plaintiffs' Original Petition and within one year of the commencement of this suit. *See id.* § 1446(b).

8.    A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on Plaintiffs promptly. *See id.* § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005).

9.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the Southern District of Texas, this Notice of Removal is accompanied by the following documents:

Exhibit A:    An index of matters being filed;

Exhibit B:    The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge;

Exhibit C:    A list of all counsel of record, including addresses, telephone numbers, and parties represented.

10.    The filing fee has been paid to the Clerk.

11.    The filing of this notice, along with the filing of the notice in the state court and service of the notice upon Plaintiffs' counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the state court of all jurisdiction over these proceedings and claims.

# IV.
## PRAYER

12.    State Farm prays that the above-styled action now pending in the 164th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiffs take nothing by their suit against State Farm, and for such other and further relief to which State Farm may be justly entitled.

13.    This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiffs' Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

14.    A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_
    **DALE M. "RETT" HOLIDY**
    Federal Bar No. 21382
    State Bar No. 00792937
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile
    holidyefile@germer.com

    **ATTORNEY FOR DEFENDANT,**
    **STATE FARM MUTUAL AUTOMOBILE**
    **INSURANCE COMPANY**

**OF COUNSEL:**

**GERMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rcrutchfield@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 2nd day of July, 2024.

John A. Caston                                                    VIA CM/ECF
Michael S. Tilton
TILTON & TILTON, LLP
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
(713) 774-8600 – Telephone
(713) 222-2124 – Facsimile
JCaston@tiltonlawfirm.com


_____
**RACHEL CRUTCHFIELD**

# EXHIBIT A

### INDEX OF DOCUMENTS FILED

### WITH REMOVAL ACTION

### JIMMY JOHNSON AND NOAH JOHNSON V. STATE FARM COUNTY MUTUAL AUTOMOBILE INSURANCE COMPANY

(A)    Plaintiffs' Original Petition

(B)    Citation

(C)    Answer for Defendant State Farm

(D)    State Court Case Summary/Docket Sheet (Exhibit B)

**Defendant's Exhibit**

**A**

5/23/2024 3:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88080785
By: Christopher Matthews
Filed: 5/23/2024 3:32 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JIMMY JOHNSON & NOAH JOHNSON | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jimmy Johnson and Plaintiff Noah Johnson (hereinafter collectively "Plaintiffs") complaining of Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant"), and for cause of action Plaintiff would respectfully show unto the Court the following:

## I.
### DISCOVERY CONTROL PLAN

1.1    Plaintiffs intend that discovery be conducted under Level 2 and affirmatively plead that they seek monetary relief over $1,000,000.00, at this time.  Plaintiffs reserve the right to amend this damage calculation as discovery progresses. Plaintiffs make this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

## II.
### PARTIES

2.1    Plaintiffs are a residents of Harris County, Texas.

2.2    Defendant is a company authorized to conduct business in the State of Texas. Defendant may be served through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3    Plaintiff specifically invokes the right to institute this suit against Defendant in any other name which has been used to designate it, or which it has used, including, but not limited to, "STATE FARM."  Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### III.
### JURISDICTION & VENUE

3.1    The subject matter in controversy is within the jurisdictional limits of this Court.

3.2    Venue of this lawsuit is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) et. al. in that the loss made the basis of this action occurred in Harris County, Texas, and the Plaintiff/policyholder resided in Harris County, Texas at the time of the loss.

### IV.
### FACTS

4.1    Pleading further, Plaintiffs would respectfully show the Court that on or about April 4, 2023, Plaintiffs were motorist traveling northbound on E. Sam Houston Parkway North in Harris County, Texas. Suddenly, and without warning, Plaintiffs were rear-ended by a vehicle operated by an individual named Pedro Miguel Lopez (hereinafter "Uninsured Driver"). It was subsequently discovered that Uninsured Motorist did not maintain automobile insurance at the

time of the subject incident.

4.2    Uninsured Driver had a duty to exercise the degree of care that a reasonably prudent person would. The occurrence made the basis of this suit, and the resulting injuries and damages were caused by the negligent conduct of Uninsured Driver including but not limited to the following acts and omissions:

(1)    In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(2)    In failing to take proper evasive action to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(3)    In failing to properly control his vehicle's speed, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(4)    In failing to control the vehicle and properly apply the brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(5)    In failing to maintain a safe follow distance, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(6)    In failing to make a safe turn or movement of a vehicle, in violation of TEX. TRANS. CODE § 545.103, which also constitutes negligence per se;

(7)    In driving the vehicle in willful or wanton disregard for the safety of persons, in violation of TEX. TRANS. CODE § 545.401, which also constitutes negligence per se; and

(8)    Other acts/omissions so deemed negligent.

4.3    Each of these acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law, which proximately caused the accident, injuries and damages suffered by Plaintiffs.

4.4    Prior to and at the time of the collision, Plaintiffs were protected against losses

relating to bodily injuries resulting from the use, operation, maintenance, and/or ownership of an Underinsured and/or Uninsured motor vehicle by a policy of insurance issued and/or sold by Defendant.

4.5    Plaintiff mailed a notice to Defendant on September 20, 2023. Plaintiff then mailed a UM/UIM evaluation for payment to Defendant on February 1, 2024.

4.6    As of February 16, 2024, Defendant, in handling Plaintiffs' claim, failed to effect a prompt, fair and equitable settlement of the claim in which liability had become reasonably clear, refused to pay or authorize payment or payment of Plaintiffs' claims following an investigation based on all available information, and failed to commission a reasonable, unbiased and independent medical evaluation of the Plaintiffs' injuries arising from the crash giving rise to this litigation.

## V.
## AGENCY, RESPONDEAT SUPERIOR, & CONCERT OF ACTION

5.1    At all times material hereto, all of the agents, servants, or employees of Defendant that were in any way connected to this suit were acting in the scope of their employment or official duties and in furtherance of the duties of their office or employment.  Thus, Defendant is liable to Plaintiffs for any negligent acts or omissions of its agents, servants, or employees under the Doctrine of *Respondeat Superior*.

5.2    Whenever it is alleged that Defendant did an act or thing, or omitted to do an act or thing, it is meant that Defendant committed such act or omission either directly or by and through its employees, agents, delegates, servants, managers, administrators, officers, or representatives.

5.3    Whenever it is alleged herein that an employee, agent, delegate, servant, manager, administrator, officer, or representative of a principal did an act or thing, or omitted to do an act

or thing, it is meant that such conduct was performed in the course and scope of the applicable agency, employment, or representation of the principal.

## VI.
### BREACH OF CONTRACT

6.1    Although Plaintiffs fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have occurred, Defendant has failed and refused to pay to Plaintiff the benefits due under the contracts of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

6.2    The conduct of Defendant constitutes a breach of contract in the following particulars:

    a.    By failing and/or refusing to pay Plaintiffs' claim promptly;

    b.    By failing and/or refusing to evaluate Plaintiffs' claim fairly; and

    c.    By breaching the duty of good faith and fair dealing.

6.3    Each of these acts constitutes a breach of contract entitling Plaintiffs to sue in an amount in excess of the minimum jurisdictional limits of this Court. All conditions precedent have been performed or have occurred.

6.4    Plaintiffs are entitled to recover reasonable attorney's fees because this is a claim on a written contract within the meaning of Texas Civil Practice and Remedies Code Section 38.001.

## VII.
### BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

7.1    Defendant breached its duty of good faith and fair dealing by failing to offer a reasonable settlement for Plaintiffs' claim for Uninsured motorist benefits on or between February 16, 2024 and the date of Plaintiffs' Original Petition. Defendant owed the duty of good

faith and fair dealing to Plaintiffs and Plaintiffs are entitled to recover damages proximately caused by Defendants' breach of their duty of good faith and fair dealing.

## VIII.
### INSURANCE CODE & DECEPTIVE TRADE PRACTICES VIOLATIONS

8.1     The failure to settle Plaintiffs' Uninsured motorist claims on or between February 16, 2024 and the date of Plaintiffs' Original Petition violates TEXAS INSURANCE CODE § 541.060, § 541.151, and § 542.003 regarding unfair competition, unfair practices, and the prompt payment of claims. Additionally, by virtue of the foregoing, Defendant has violated TEXAS BUSINESS & COMMERCE CODE § 17.46 (hereinafter referred to as the "DTPA").    Specifically, Defendant violated TEXAS DECEPTIVE TRADE PRACTICES ACT § 17.46(B)(5, 7, 12, and 24). Therefore, Plaintiffs ares entitled to treble damages pursuant to TEXAS DECEPTIVE TRADE PRACTICES ACT § 17.50(A)(4).

8.2     Plaintiffs have complied with the mandate that a demand letter be sent to Defendant. Plaintiffs mailed a notice to Defendant on September 20, 2023. After acquiring all of Plaintiffs' medical and billing records, Plaintiff mailed an evaluation to Defendant on February 1, 2024. Notwithstanding Plaintiffs' compliance, Defendant has refused to fairly compensate Plaintiffs.

8.3     Plaintiffs hired Tilton & Tilton, LLP to provide legal assistance in prosecuting this action. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 38.001 and TEXAS BUSINESS & COMMERCE CODE §17.50(D), Plaintiffs are entitled to recover reasonable attorney's fees in prosecuting this action and in prosecuting any appeals from the judgment in this cause. On February 21, 2024, Plaintiffs' counsel put Defendant on notice that Plaintiffs' counsel is accruing attorney's fees.

## IX.

## Negligence & Misrepresentation

9.1    Defendant, their agents, servants, officers, and employees, were negligent in the following acts or omissions:

a.    Failing to properly acknowledge Plaintiffs' claims;

b.    Failing to reasonably investigate Plaintiffs' claims;

c.    Failing to reasonably evaluate Plaintiffs' claims;

d.    Failing to promptly compensate Plaintiffs; and

e.    Failing to make a reasonable settlement offer of Plaintiffs' claims.

9.2    Defendant and its agents, servants, officers, and employees owed Plaintiffs the duty of reasonable care in acknowledging, investigating, processing, and financially satisfying Plaintiffs' claims under the subject Underinsured/Uninsured motorist insurance policy. Defendant violated its duties and was negligent in the particulars set forth above.

9.3    Defendant knew or should have known that Plaintiffs would rely upon Defendant's acts, omissions, and misrepresentations. Plaintiffs did, in fact, reasonably rely on Defendant's acts, omissions, and misrepresentations when purchasing said insurance policy and presenting a claim under said insurance policy. Defendant knew and had reason to know that its acts, omissions, and misrepresentations would cause financial hardship, additional stress, and anxiety to Plaintiffs. Through solicitation, Defendant made statements and representations about the quality of service and product Defendant provided. Said representations were relied upon and insurance based on was purchased as a result. In addition, Plaintiffs presented claims to Defendant based on Defendant's statements and representations regarding the quality of Defendant's product and service. Upon the presentment of Plaintiffs' claims, Defendant failed to produce the quality of service and product advertised, causing Plaintiffs to be injured. Each of

the above-mentioned acts, omissions, and misrepresentations was a proximate cause of the damages suffered by Plaintiffs.

## X.
### VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

10.1    The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices.  Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote its underlying purposes as set forth in this section." Tex. Ins. C. §541.008.

10.2    Plaintiffs would show that Defendant violated Chapter 541 of the Texas Insurance Code by engaging in an unfair and deceptive course of conduct which precluded Plaintiffs from receiving a recovery for their Uninsured motorist claim herein in a timely manner.  Specifically, Plaintiffs assert that Defendant failed to provide Plaintiffs with insurance coverage as required by the terms of the Policies.

10.3    Plaintiffs further would show that Plaintiffs made written demand to Defendant for the purpose of seeking settlement of these matters pursuant to Chapter 541 of the Texas Insurance Code.  Despite numerous attempts to settle her claim, Plaintiffs' Uninsured motorist claim remains unresolved.

10.4    Plaintiffs further would show that Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim in violation of Section 541.060(2).

10.5    Plaintiffs further would show that Defendant failed to promptly give Plaintiffs a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the

Defendant's offer of a compromised settlement on Plaintiffs' claim in violation of Section 541.060(3).

10.6    Plaintiffs further would show that Defendant refused, failed, or unreasonably delayed an offer of settlement under the policy in question on the basis that a third party was responsible for the damages suffered by Plaintiffs, in violation of Section 541.060(5).

10.7    Plaintiffs further would show that Defendant refused to pay Plaintiffs' claim without conducting a reasonable inspection in violation of Section 541.060(6).

10.8    Plaintiffs further would show that Defendant failed to disclose the limits of the insuring agreement and provide a copy of the policy required by law to be disclosed in violation of Section 541.061(5) and Section 1952.055(c).

10.9    Plaintiffs further would show the above-described actions of Defendant was committed knowingly, thus entitling Plaintiffs to treble damages as provided in the Texas Insurance Code.

## XI.
## VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

11.1    In addition, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices.  The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

11.2    Plaintiffs would show that Defendant failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy in violation of Section 542.003(b)(2).

11.3    Plaintiffs further would show that Defendant did not attempt in good faith to

9

effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of Section 542.003(b)(4).

11.4    Moreover, the Texas Legislature also enacted Chapter 542 of the Texas Insurance Code also known as the Prompt Payment of Claims Act. This Act imposes specific deadlines for claims handling procedures to ensure the prompt payment of claims. The legislature expressly stated that this Act "shall be liberally construed to promote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance."

11.5    Plaintiffs would show that Defendant failed to timely acknowledge receipt of Plaintiffs' claim and commence an investigation of the claim in violation of Section 542.055(a).

11.6    Plaintiffs further would show that Defendant did not notify Plaintiffs in writing of the acceptance or rejection of a claim not later than the fifteenth business day after the date Defendant receives all items, statements, and forms required in violation of Section 542.056(a).

11.7    Plaintiffs further would show that, if Defendant was unable to accept or reject the claim within the fifteen-day time period, Defendant did not notify Plaintiffs of the reasons that Defendant needed additional time in violation of Section 542.056(d).

11.8    Plaintiffs further would show that Defendant delayed payment of Plaintiffs' claim in violation of Section 542.058.

11.9    If an insurer is not in compliance with Chapter 542, which Defendant is not, the insurer is liable to Plaintiffs, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fee, to be taxed as costs. Tex. Ins. C. §542.060.

## XII.
### VIOLATIONS OF THE TEXAS PRACTICES AND CONSUMER PROTECTION ACT

12.1    Defendant is in violation of the Texas Deceptive Trade Practices and Consumer

Protection Act and the Texas Insurance Code. Defendant, their agents, employees, and representatives, have knowingly and intentionally engaged in false, misleading, or deceptive acts or practices including, but not limited to, representing that goods or services have characteristics or benefits which they do not have; and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law.

12.2    Such violations of the Texas DTPA and Texas Insurance Code were committed knowingly, and as such, the Plaintiffs are entitled to recover statutory "additional" damages.

## XIII.
### DAMAGES

13.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer personal injuries. In the event Plaintiffs were suffering from any pre-existing conditions, the Uninsured Driver's negligence greatly accelerated, exacerbated, and aggravated the condition.

13.2    Specifically, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer personal injuries and to incur the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Mental anguish in the past;

F.    Mental anguish in the future;

11

G.      Loss of earning capacity in the past;

H.      Loss of earning capacity in the future;

I.      Disfigurement in the past;

J.      Disfigurement in the future;

K.      Physical impairment in the past; and

L.      Physical impairment in the future.

13.3    Plaintiffs are entitled to all elements of damages recoverable under Texas law including, but not limited to, sums due and owing under the Uninsured / under insured motorist provision of the insurance policy, mental anguish, attorney's fees, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, physical impairment, disfigurement, statutory damages pursuant to §542.003 (formerly Article 21.21) and §542.055 through §542.060 (formerly Article 21.55) of the Texas Insurance Code, and damages pursuant to the Texas Deceptive Trade Practice Act.  Plaintiffs also sues for declaratory relief.  Plaintiffs' damages are in excess of the minimum jurisdictional limits of this Court.

## XIV.
### PETITION FOR DECLARATORY RELIEF

14.1    All allegations herein are incorporated by reference.

14.2    Pleading further, Plaintiffs bring this action against GEICO for declaratory relief under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.* ("UDJA").  Plaintiffs request that this Court establish by declaratory judgment:

A.      that Plaintiffs are covered under the policy;

B.      that Plaintiffs are entitled to Uninsured motorist coverage under the policy;

C.      that Uninsured Driver is an Uninsured driver under the policy;

D.     that Uninsured Driver's negligence proximately caused the collision;

E.     that Uninsured Driver's negligence proximately caused Plaintiffs' damages, past and future, including all damages pleaded herein;

F.     that Plaintiffs' damages are covered under the policy;

G.     that all applicable policy provisions have been or are being satisfied;

H.     the amount of the damages Plaintiffs incurred as a result of the collision;

I.     the amount of prejudgment interest that Uninsured Driver would owe;

J.     the amount of Uninsured motorist insurance benefits Defendant is obligated to tender under the policy to Plaintiffs, representing damages incurred and prejudgment interest owed.

14.3    Pursuant to UDJA section 37.008, Plaintiffs further pray for recovery of costs and reasonable and necessary attorney fees as are equitable and just.

## XV.
### INTEREST

15.1    Plaintiffs seek prejudgment interest and post-judgment interest in the maximum amounts allowed by law.

## XVI.
### RULE 193.7 NOTICE

16.1    Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiffs intend to rely upon the authenticity of any document a Defendant produces in discovery.

## XVII.
### JURY DEMAND

17.1    Plaintiffs hereby request a trial by jury.

## XVIII.
### REQUEST FOR DISCLOSURE

18.1    Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose, within thirty (30) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which he may show herself justly entitled.

Respectfully submitted,

**TILTON & TILTON, LLP**

*/s/ John A. Caston*

By: _____

John A. Caston
State Bar No. 24087272
Michael S. Tilton
State Bar No. 24056438
River Oaks Tower
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124
E-Mail: JCaston@tiltonlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

14

6/20/2024 10:58 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88987630
By: Marcella Hill
Filed: 6/20/2024 10:58 AM

Receipt Number: 992252
Tracking Number: 74327876

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202432839

| | |
|---|---|
| PLAINTIFF: JOHNSON, JIMMY | In the 164th Judicial |
| vs. | District Court of |
| DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY MAY BE SERVED THROUGH ITS
REGISTERED AGENT

CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on May 23, 2024 in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this May 23, 2024.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHRISTOPHER MATTHEWS

Issued at request of:
Caston, John A
3730 KIRBY DRIVE, SUITE 1020
HOUSTON, TX 77098
(713) 774-8600
Bar Number: 24087272

Tracking Number: 74327876

CAUSE NUMBER: 202432839

PLAINTIFF: JOHNSON, JIMMY                    In the 164th

    vs.                                          Judicial District Court

DEFENDANT: STATE FARM MUTUAL AUTOMOBILE      of Harris County, Texas
INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ___. M., on the _____ day of _____ 20 _____.
Executed at (address) _____
in _____ County
at _____ o'clock ____ M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____         _____

                                 _____ of _____
County, Texas
_____         By: _____
      Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                                         _____
                                         Notary Public

**AFFIDAVIT ATTACHED**

Unofficial Copy Office of Marilyn Burgess District Clerk

## CAUSE NO. 2024-32839

| | | |
|---|---|---|
| JIMMY JOHNSON | § | IN THE 164TH JUDICIAL |
| | § | |
| Plaintiff, | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURNACE COMPANY | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **KHANG LE** who, being by me duly sworn, deposed and said:

"The following came to hand on **May 24, 2024, 10:00 AM,**

### CITATION, PLAINTIFF'S ORIGINAL PETITION,

1. On May 24 2024 at 1:50 PM, I mailed by **CERTIFIED MAIL RETURN RECEIPT REQUESTED** a true and correct copy of the above documents to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY - REGISTERED AGENT CORPORATION SERVICE COMPANY at COMPANY: 211 EAST 7TH STREET SUITE 620, AUSTIN, TEXAS 78701.

2. The above documents were delivered on May 31 2024 at 9:56 AM

3. See attached certified mail receipt (form 3800), USPS receipt, green card (form 3811) and print out USPS tracking information.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

KHANG LE
Certification Number: PSC-0772
Certification Expiration: March 31, 2026

**BEFORE ME,** a Notary Public, on this day personally appeared **KHANG LE**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON June 19, 2024

Notary Public, State of Texas

SUSAN LE
NOTARY PUBLIC
STATE OF TEXAS
ID: 124239440
EXP. 07-21-2026

Unofficial Copy Office of Marilyn Burgess District Clerk





U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Austin, TX 78701

| Certified Mail Fee | $4.40 | |
| $ | $3.65 | 0059 |
| Extra Services & Fees (check box, add fee as appropriate) | | 01 |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | $1.16 | |
| Total Postage and Fees | | |
| $9.21 | | |

Corporation Service Company
05/24/2024

Sent To State Farm Mutual Automobile Insurance Company*
Street and Apt. No., or PO Box No. 211 East 7th Street Suite 620
City, State, ZIP+4® Austin, Texas 78701

9589 0710 5270 0768 0757 05

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

---

**UNITED STATES POSTAL SERVICE®**

WILLOW PLACE
12955 WILLOW PLACE DR W
HOUSTON, TX 77070-9998
(800)275-8777

05/24/2024                          01:50 PM

Product          Qty   Unit    Price
                       Price

First-Class Mail®  1            $1.16
Letter
    Austin, TX 78701
    Weight: 0 lb 2.80 oz
    Estimated Delivery Date
    Tue 05/28/2024
Certified Mail®                 $4.40
    Tracking #:
    9589 0710 5270 0768 0757 05
Return Receipt                  $3.65
    Tracking #:
    9590 9402 8398 3156 4525 14
Total                           $9.21

Grand Total:                    $9.21

Credit Card Remit               $9.21
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX7923
    Approval #: 00046G
    Transaction #: 309
    AID: A0000000041010   Contactless
    AL: MASTERCARD

ALERT: FLOODING AND SEVERE WEATHER IN THE SOUTH, SOUTHEAST, AND CENTRAL U.S. …

# USPS Tracking®

FAQs >

Tracking Number:

## 9589071052700768075705

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

Feedback

## Latest Update

Your item has been delivered to an agent for final delivery in AUSTIN, TX 78744 on May 31, 2024 at 9:56 am.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered to Agent
**Delivered to Agent for Final Delivery**

AUSTIN, TX 78744
May 31, 2024, 9:56 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates                                          ⌄

USPS Tracking Plus®                                            ⌄

Product Information                                            ⌄

See Less ⌃

Track Another Package

Unofficial Copy Office of Marilyn Burgess District Clerk

6/24/2024 7:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 89095342
By: Gerardo Perez
Filed: 6/24/2024 7:56 AM

## CAUSE NO. 2024-32839

| | | |
|---|---|---|
| **JIMMY JOHNSON & NOAH JOHNSON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | **164TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, (hereinafter referred to as "State Farm"), files this Original Answer to Plaintiffs' Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiffs' Original Petition, and demands strict proof thereof.

### II.

Defendant would show that Plaintiffs have failed to fulfill the conditions precedent for bringing an uninsured motorist claim against Defendant. Specifically, Plaintiffs have failed to establish that Plaintiffs are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by Plaintiffs, caused by an accident.

### III.

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury. Such credits and offsets include, but are **not limited to**, all Personal Injury Protection ("PIP") payments made by State Farm to

Plaintiffs. Defendant is also entitled to an offset in the amount of all of the alleged tortfeasor, Pedro Miguel Lopez's liability limits.

## IV.

Defendant would show that Plaintiffs' "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

## V.

Defendant would show any claim for breach of contract is meritless; specifically, Defendant cannot be in breach of the contract because there has been no determination of: (1) liability, and (2) that Plaintiffs' damages exceed the alleged tortfeasor's policy limits, and all other applicable offsets and credits.

## VI.

Defendant asserts that Plaintiffs are not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiffs to recovery of uninsured motorist benefits.

## VII.

Defendant further asserts that Plaintiffs are not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured motorist coverage under the subject insurance contract.

## VIII.

Furthermore, with respect to any current or future claim seeking punitive or exemplary damages, Defendant would show that such damages are inappropriate and impermissible under the law due to the following: Punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiffs should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal

protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

## IX.

Plaintiffs' rights to recover medical expenses are limited by the provision of Texas Civil Practice and Remedies Code section 41.0105. Plaintiffs are only entitled to recover the amount paid or incurred by or on behalf of Plaintiffs, respectively.

## X.

For any claims for lost wages or loss of earning capacity, Defendant invokes the limitation contained in Texas Civil Practice and Remedies Code section 18.091 as to the recovery of lost wages or loss of earning capacity.

## XI.

Defendant objects to Plaintiffs' Rule 193.7 Notice as premature, vague, and ambiguous. By way of this notice, Plaintiffs have not provided Defendant with actual notice of which specific document(s) Plaintiffs intend to use as self-authenticating against Defendant. Further, Plaintiffs' 193.7 Notice does not give Defendant ten days in which to object to the authenticity of a document (or portion of a document) Defendant may be asked to produce at a future time and to which Defendant may not be aware of at the time of the filing of this Answer.

## XII.

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

## **JURY DEMAND**

Defendant hereby demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that it be released and discharged of the charges filed against it; that Plaintiffs take nothing by reason of this suit; and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 24th day of June, 2024.

John A. Caston                                                              **VIA E-FILE**
Michael S. Tilton
TILTON & TILTON, LLP
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
JCaston@tiltonlawfirm.com

_____
**RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 89095342
Filing Code Description: Answer/ Response / Waiver
Filing Description: 1789441  JOHNSON  SFMAIC Answer
Status as of 6/24/2024 8:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John A.Caston | | Jcaston@tiltonlawfirm.com | 6/24/2024 7:56:32 AM | SENT |
| John A.Caston | | Jcaston@tiltonlawfirm.com | 6/24/2024 7:56:32 AM | SENT |
| Rachel Crutchfield | | rcrutchfield@germer.com | 6/24/2024 7:56:32 AM | SENT |

# 2024-32839

**COURT:** 164th

**FILED DATE:** 5/23/2024

**CASE TYPE:** Motor Vehicle Accident



### JOHNSON, JIMMY

Attorney: CASTON, JOHN ADAM

### vs.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Attorney: CRUTCHFIELD, RACHEL

| Docket Sheet Entries | |
|---|---|
| Date | Comment |



Defendant's Exhibit
B

# EXHIBIT C

### LIST OF ATTORNEYS/PARTIES

### JIMMY JOHNSON AND NOAH JOHNSON V. STATE FARM COUNTY MUTUAL AUTOMOBILE INSURANCE COMPANY

1.    John A. Caston
      Michael S. Tilton
      TILTON & TILTON, LLP
      3730 Kirby Drive, Suite 1020
      Houston, Texas 77098
      (713) 774-8600 – Telephone
      (713) 222-2124 – Facsimile
      JCaston@tiltonlawfirm.com

      *Attorneys for Plaintiffs, Jimmy Johnson and Noah Johnson*

2.    Dale M. "Rett" Holidy
      Rachel Crutchfield
      GERMER PLLC
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile
      holidyefile@germer.com
      rcrutchfield@germer.com

      *Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*

